IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GREGORY DAHLK,

               Plaintiff,

  v.                                              ORDER

JOANNE BOVEE, DOUGLAS PERCY,              17-cv-919-jdp
KEVIN ALVAREZ, and RYAN SWANZ,

               Defendants.

---

      Plaintiff John Gregory Dahlk, appearing pro se, is a former state of Wisconsin prisoner. He brings this lawsuit, alleging that prison officials confiscated funds from his trust fund account to pay a debt he had already paid, and then provided him with deficient grievance proceedings when he complained about the problem.

      In my order screening the complaint, I granted Dahlk leave to proceed on due process claims against defendants, but I warned him that to prove these claims he would have to show more than that defendants made mistakes in making or reviewing the transactions. *See* Dkt. 11, at 3–4. I also told him that if he wished to bring negligence claims under Wisconsin law, he would have to amend his complaint and explain whether he complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82.

      Dahlk has filed a document titled "Amendment to Civil Complaint," Dkt. 12, in which he does two things: (1) further explain why he believes that defendants intentionally interfered with his funds and with his grievance proceedings; and (2) seek leave to amend the complaint to include "allegations of gross negligence" against the defendants. He adds that he has complied with the notice-of-claim statute.

At this point it is unnecessary for Dahlk to bolster his original allegations with further explanation or argument about his due process claims, so I will disregard that portion of the filing. As for the proposed state-law claims, Wisconsin courts have abolished "gross negligence" as a standalone cause of action, *see, e.g.*, *Heritage Farms, Inc. v. Markel Ins. Co.*, 2009 WI 27, ¶ 39, 316 Wis. 2d 47, 762 N.W.2d 652. I will consider Dahlk's claims under an ordinary negligence theory. Under Wisconsin law, a claim for negligence "requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. For the same reasons that I allowed Dahlk to proceed on due process claims against defendants, I will allow him to proceed on an alternate theory that they were negligent in depriving him of his funds and mishandling the grievance process.

Dahlk has also filed a motion to compel itemized transaction data from his trust fund account statement in 1994 and 1995; in response to his request for this data, defendants provided Dahlk with a summary trust fund account statement, but not itemized transactions. Defendants oppose the motion, stating that Dahlk did not confer with them first, that they are working on his request but that itemized data from that long ago might not be available, and that the information is not relevant because Dahlk needs to show that defendants intentionally interfered with his funds to prove his due process claim.

Dahlk replies that this court explicitly stated that he need not confer "if it would be a waste of time." Dkt. 24, at 1 (citing the court's preliminary pretrial conference order, Dkt. 18, at 10). I am not convinced that conferring would be a waste of time in this instance because it would have revealed that defendants are working with DOC staff to access the older data. So I will deny the motion as premature. But I conclude that Dahlk is indeed entitled to any

2

information that defendants have about his trust fund account transactions. This information is relevant regardless what state of mind he need prove for his due process claims, and in any event I note that he is now allowed to proceed on negligence claims as well. The bottom line is that his claims center on how his funds were deposited and withdrawn from his trust fund account statement, including during 1994 and 1995. So the itemized transactions themselves are clearly relevant to his claims. Defendants appear to be working on accessing that data, and they should promptly update him on their progress. Dahlk should renew his motion if he believes that defendants are stonewalling him on that information.

ORDER

IT IS ORDERED that:

1. Plaintiff John Gregory Dahlk's motion for leave to amend his complaint, Dkt. 12, is GRANTED. Plaintiff is GRANTED leave to proceed on due process and Wisconsin-law negligence claims against defendants Kevin Alvarez, JoAnn Bovee, Douglas Percy, and Ryan Swanz.

2. Plaintiff's motion to compel discovery, Dkt. 20, is DENIED without prejudice.

Entered September 11, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge