IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GREGORY DAHLK,

Plaintiff,

v.                                                                                          ORDER

JOANNE BOVEE, DOUGLAS PERCY,                                    17-cv-919-jdp
KEVIN ALVAREZ, and RYAN SWANZ,

Defendants.

---

Plaintiff John Gregory Dahlk, appearing pro se, is a former state of Wisconsin prisoner. He alleges that prison officials confiscated funds from his trust fund account to pay a debt he had already paid, and then provided him with deficient grievance proceedings when he complained about the problem.

Dahlk filed a motion to compel itemized transaction data from his trust fund account statement in 1994 and 1995. In response to his request for this data, defendants provided Dahlk with a summary trust fund account statement, but not itemized transactions. Defendants opposed the motion, stating in part that Dahlk did not confer with them first and that they were working on his request but that itemized data from that long ago might not be available. I denied Dahlk's motion as premature because he had not conferred with defendants. Dkt. 25, at 2. I told Dahlk that he should renew his motion if he believed that defendants were continuing to withhold that information from him. *Id.* at 3.

Now Dahlk has renewed his motion to compel, stating that counsel for defendants updated their responses to requests for production of documents by saying that they would not provide any more records than previously provided. Dkt. 26. Dahlk believes that defendants are stonewalling him on the detailed transaction data from January 1995 and earlier because

they cite a seven-year retention policy as the reason the records were destroyed, yet they were able to provide records dating back to March 1995. He believes that the earlier records would show defendants' misconduct. Dahlk asks for entry of default judgment as a sanction.

Defendants respond with an explanation: they destroyed paper copies after seven years, but the current electronic system retains records dating back to March 1995, so that is why they were able to produce those records. The previous recordkeeping system, in place until January 31, 1995, did not retain electronic records, so there are none to recover now. I conclude that this is an adequate response. Dahlk did not submit a reply challenging it. So I will deny Dahlk's motion. He will have to press on without the detailed records he seeks.

ORDER

IT IS ORDERED that plaintiff John Gregory Dahlk's motion to compel discovery and for entry of default judgment, Dkt. 26, is DENIED.

Entered November 27, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge